IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

QUENTIN L. NICHOLS, )
 )
          Petitioner, )
 )
vs. ) Case No. 10-CV-504-TCK-PJC
 )
GREG PROVINCE, Warden, )
 )
          Respondent. )

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner filed a response to the motion (Dkt. # 9). Petitioner also filed a motion to amend (Dkt. # 10) and enclosed his proposed amended petition (Dkt. # 15) with the motion to amend. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred. In addition, the new claims identified in the proposed amended petition are also time barred. For that reason, Petitioner's motion to amend shall be denied.

*BACKGROUND*

At the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2005-3547, Petitioner Quentin L. Nichols was convicted of First Degree Murder (Count 1) and three counts of Feloniously Pointing a Weapon (Counts 2, 3, and 4). On June 19, 2006, he was sentenced to life imprisonment on Count 1, and to one year in the Tulsa County Jail on each of Counts 2, 3, and 4, with the sentences ordered to be served consecutively. See www.oscn.net.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). In an unpublished summary opinion, filed March 11, 2008, in Case No. F-2006-685, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 6, Ex. 1. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

On March 13, 2009, Petitioner filed a federal petition for writ of habeas corpus in N.D. Okla. Case No. 09-CV-142-TCK-PJC. That petition was dismissed without prejudice on April 27, 2009, based on Petitioner's failure to exhaust state remedies. See Dkt. # 6, Ex. 3.

On May 18, 2009, Petitioner filed an application for post-conviction relief. See Dkt. # 6, Ex. 4. On June 2, 2009, the state district court denied post-conviction relief. See id. Petitioner filed a post-conviction appeal. On July 23, 2009, in Case No. PC-2009-544, the OCCA affirmed the denial of post-conviction relief. Id.

On August 6, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). The verification page reflects that Petitioner executed the petition under penalty of perjury on July 27, 2010. See Dkt. # 1 at 15. On October 1, 2010, Petitioner filed a motion to amend (Dkt. # 10), and enclosed his proposed amended petition (Dkt. # 15).

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on June 9, 2008, after the OCCA concluded direct review on March 11, 2008, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on June 10, 2008, see Harris v. Dinwiddie, --- F.3d ---, 2011 WL 1591814, *6 n.6 (10th Cir. 2011), and he had one year, or until June 10, 2009, to file a timely petition for writ of habeas corpus. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not received for filing until August 6, 2010. The earliest possible file date for the petition is July 27, 2010, the date Petitioner executed the petition. See Dkt. # 1 at 15. See Hall v. Scott, 292 F.3d 1264,

3

1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). Unless Petitioner is entitled to tolling of the limitations period, his petition is untimely.

**A. No tolling during pendency of first federal habeas petition**

On March 13, 2009, or prior to expiration of the one year limitations period, Petitioner filed his first federal habeas corpus petition containing only unexhausted claims. By Order filed April 27, 2009, that petition was dismissed without prejudice for failure to exhaust available state remedies. See Dkt. # 6, Ex. 3. Prior to dismissal, however, the Court advised Petitioner of the ramifications of the statute of limitations applicable to a federal habeas corpus petition. See Dkt. # 6, Ex. 2. As Petitioner was advised, the pendency of the first habeas corpus petition did not serve to toll or suspend the one year limitations period. See id. (citing Rhines v. Weber, 544 U.S. 269, 274 (2005)); see also Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

**B. Statutory tolling**

On May 18, 2009, or 23 days prior to expiration of the one-year period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state courts from May 18, 2009, to July 23, 2009. Petitioner had to file his habeas petition within 23 days of July 23, 2009, or on or before August 17, 2009.[1] At the earliest, Petitioner filed his habeas corpus petition on July 27, 2010, or more than eleven (11) months beyond the deadline. See Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox

---

[1]Twenty-three days after July 23, 2009, fell on August 15, 2009, a Saturday. As a result, Petitioner had until Monday, August 17, 2009, to file a timely petition for writ of habeas corpus. See Fed. R. Civ. P. 6(a)(3)(A).

rule" to filing of habeas petition). Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling, his petition is untimely.

**C. Equitable tolling**

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. In response to the motion to dismiss, see Dkt. # 9, Petitioner argues the merits of his habeas corpus claims. Because the petition was not timely filed, however, the Court may not consider those arguments unless Petitioner demonstrates entitlement to equitable tolling.

5

With the possible exception of a claim of actual innocence, discussed below, the habeas claims themselves do not justify tolling of the one-year period. Petitioner fails to provide an explanation for his failure to file his habeas petition promptly after the OCCA affirmed the denial of post-conviction relief.

In ground 8 of his petition, Petitioner claims to be "actually and factually innocent of the charge of Murder in the First Degree." See Dkt. # 1 at 10. To the extent Petitioner claims that he is entitled to equitable tolling because he is actually innocent, the Tenth Circuit has held that "the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling.

**D. New claims identified in proposed amended petition are time barred**

The Court has reviewed the proposed amended petition (Dkt. # 15) submitted by Petitioner along with his motion to amend (Dkt. # 10). In the proposed amended petition, Petitioner identifies twelve grounds for relief. Nine of the grounds are nearly identical to the nine claims raised in the

6

original petition. For the reasons discussed above, those claims are time barred. Three of the claims, grounds 3, 9 , and 12, were not raised in the original petition and are new. However, all three of the new grounds are also time barred.[2] Because the grounds raised in the proposed amended petition are all time barred, the motion to amend shall be denied.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In

---

[2]Grounds 3 and 9, alleging cumulative error and challenging the jury instructions, are based on events occurring at Petitioner's trial and are clearly time-barred. In ground 12, Petitioner claims that the OCCA erred in denying claims raised in his first application for post-conviction as barred by res judicata. Even if that were a separate cognizable claim, it is also time barred. The OCCA entered its post-conviction appeal ruling on July 23, 2009, Petitioner had to raise the claim within one year of that ruling. See 28 U.S.C. § 2244(d)(1)(D). Petitioner did not file his motion to amend until October 1, 2010. Therefore, ground 12 is also untimely.

7

addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. Petitioner's motion to amend (Dkt. # 10) is **denied**.
4. A certificate of appealability is **denied**.
5. A separate Judgment shall be entered in this case.

DATED THIS 30th day of June, 2011.

TERENCE KERN
UNITED STATES DISTRICT JUDGE